Gershengorn, J.
Plaintiffs, International Brotherhood of Police Officers, Roger Welleman and James McCormack, allege that defendant, the Town of North Reading (“the Town”), has violated the requirements of G.L.c. 32B by failing to provide group indemnity health insurance. Both parties agree that there is no dispute as to any material facts and move for summary judgment. For the reasons that follow, plaintiffs’ motion for summary judgment is DENIED and defendant’s motion for summary judgment is DENIED.
BACKGROUND
The following facts, contained in affidavits, are undisputed;
In late 1990, Blue Cross/Blue Shield of Massachusetts (“BC/BS”), North Reading’s indemnify health insurance carrier, notified North Reading that its group policy was being cancelled effective December 31, 1990 because participation had fallen below twenly percent. North Reading was unable to find a substitute carrier. North Reading worked with employee representatives to develop a plan under which the Town would subsidize individually obtained coverage for retirees ineligible for Medicare and outside the service areas of available Health Maintenance Organization (“HMO”) options. Under the plan, which is contained in an agreement executed by North Reading and employee representatives, North Reading provides reimbursement for a portion of documented premium costs.
Following the termination of the BC/BS plan, the Town did not offer a health insurance plan to otherwise eligible North Reading employees who lived outside the geographical service area of the HMOs. Plaintiff, Welleman, lives outside the HMO’s geographic service area and thus was forced to seek an alternative insurance plan for his family. Plaintiffs assert that the Town’s failure to provide Welleman with general group indemnify health insurance violates G.L.c. 32B.
DISCUSSION
Recently, the Supreme Judicial Court addressed this very issue in Kusy u. Millbury, 417 Mass. 765 (1994). In Kusy, plaintiffs challenged the Town of Millbury’s failure to provide group indemnity insurance following the cancellation of the Town’s policy by BC/BS. Although the Court ruled that G.L.c. 32, §3 requires a Town to provide group indemnity insurance, the Court focused its inquiry on whether a Town was actually able to comply with the terms of the statute. Kusy, supra at 769. The Court found that the Town went to extensive efforts to comply with the statute and concluded that the Town complied, to the fullest extent possible, with the requirements of G.L.c. 32B.[1]
Here, the Town’s affidavit indicates that it was unable to find a suitable insurance carrier and details the various remedies the Town explored in order to alleviate the insurance problem. See Reid v. Town of North Reading, Civ. Act. No. 92-5563 (Middlesex Sup. Ct. May 24, 1993) (Houston, J.) (finding Town of North Reading’s “diligent efforts to substitute the cancelled policy were to no avail”). Thus, with respect to §3 the Town complied with G.L.c. 32B “to the fullest extent possible.” See Kusy, supra at 769.[2] Similarly, the Town adequately supported the proposition that it was not feasible for it to self insure pursuant to G.L.c. 32B, §3A. Id.
Plaintiffs’ claim that the Town should have sought to join with other municipalities to purchase insurance pursuant to G.L.c. 32B, §12 is not addressed by defendant. Thus, this court cannot ascertain whether the Town was able to obtain coverage in this manner.[3] Compare Kusy v. Millbury, supra at 769. As plaintiffs have not proffered any evidence that the Town was able to procure insurance in this manner, there exists a material issue of disputed fact as to whether the *109 Town complied with G.L.c. 32B’s dictates “to the fullest extent possible.”
ORDER
This Court orders that the parties’ Motions for Summary Judgment are DENIED as there exists a disputed issue of material fact solely as to the issue of whether defendant was able to procure insurance pursuant to G.L.c. 32B, §12.

In Kusy, the Town solicited 16 insurance companies for proposals and explored the possibility of self insuring pursuant to G.L.c. 32B, §3A. Kusy, supra at 767. The Court, however, did not determine whether the Town could have sought insurance by pooling its resources with other municipalities. Id. at 768 n. 6.

Although North Reading did not attack the problem as thoroughly as the Town of Millbury in Kusy, there is no indication that North Reading did not use its best efforts to procure the insurance.

In Reid, supra, the Court determined that pooling resources with other Towns was not feasible based on the parties’ affidavits. Here, there is no similar submission. Rather, defendant’s affidavits independently establish that the Town was not able to comply with G.L.c. 32B, §§3, 3A and these facts are buttressed by the Reid decision.